# IN THE COURT OF APPEALS OF IOWA

No. 15-0015
Filed November 12, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DEANDRE DAVIS,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Deandre Davis appeals the sentence imposed following his guilty plea to robbery in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Heather Ann Mapes, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Deandre Davis appeals the sentence imposed following his guilty plea to robbery in the second degree, claiming the sentence is cruel and unusual because he was just eighteen years old at the time of the commission of the offense. Because Davis was an adult offender, the statutory and case law authority with regard to juvenile offenders does not apply to his claim. We affirm the judgment and sentence entered following Davis's guilty plea.

In 2014, Davis pled guilty to second-degree robbery. The plea agreement provided the State would recommend incarceration, which was statutorily mandated because the crime was a forcible felony. The State agreed to dismiss Davis's charges for conspiracy to commit a forcible felony and second-degree theft in exchange for his plea to the robbery charge. The district court accepted the terms of the plea agreement and sentenced Davis on the robbery charge to a term of incarceration not to exceed ten years, with a seventy-percent mandatory minimum, pursuant to Iowa Code sections 902.3 and 902.9 (2013).

Davis appeals, claiming the district court "erred in failing to consider more lenient sentencing options" due to his "young" age. Davis's constitutional challenge based on his youth would implicate the legality of his sentence. *See State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014). However, Davis was not a juvenile when he committed the crimes; he was eighteen years old, about three months shy of turning nineteen. But Davis persists that if he "had been about nine months younger at the time of the offense, there would have been no question that the court could have imposed any sentence at all, including a

suspended sentence or deferred judgment." In other words, Davis asks us to extend the protections afforded juveniles to young adults.[1]

Indeed, in *Lyle*, 854 N.W.2d at 400, the Iowa Supreme Court held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." According to Davis, "This case differs from *Lyle* only in that Davis was about nine months over the age of eighteen when the offense was committed." But the court in *Lyle* expressly limited its holding to juvenile offenders:

> Furthermore, our holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

---

[1] Davis also raises a gross-proportionality challenge, emphasizing the specific facts of his case as reason for his sentence being in violation of the cruel and unusual Punishment Clauses. *See State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009) ("[A]t least in some instances, defendants who commit acts of lesser culpability within the scope of broad criminal statutes carrying stiff penalties should be able to launch an as-applied cruel and unusual punishment challenge."); *see also State v. Oliver*, 812 N.W.2d 636, 651 n.12 (Iowa 2012) (stating an "as-applied" challenge to a sentence "can be brought, regardless of the presence or absence of [the *Bruegger*] factors"); *Nims v. State*, No. 13-0299, 2014 WL 667657, at *2-3 (Iowa Ct. App. Feb. 19, 2014) (Mullins, J., dissenting) (stating the defendant should have been permitted an evidentiary hearing on his gross-proportionality challenge). Here, Davis accepted a plea agreement with the State under which he pled guilty to second-degree robbery, a forcible felony. Although Davis was in high school and he was allegedly subjected to peer-pressure by one of his co-defendants, Davis was not a minimal participant in the offense—it was Davis who pointed a shotgun at a woman and demanded her money and cell phone. We also observe Davis did not experience a "dramatic sentence enhancement" based on his status as a repeat offender; his sentence falls squarely within the statutory framework for his actions in the robbery. We conclude Davis's gross-proportionality claim is unpersuasive under these facts. *See, e.g., State v. Reed*, No. 13-0988, 2015 WL 566625, at *5 (Iowa Ct. App. Feb. 11, 2015) (concluding the cruel and unusual punishment clause of the Iowa Constitution did not require the district court to afford the defendant an individualized evidentiary sentencing hearing).

854 N.W.2d at 403. In light of this limitation, the court's holding in *Lyle* is not applicable to Davis. *See also State v. Vance*, No. 15-0070, 2015 WL 4936328, at *2 (Iowa Ct. App. Aug. 19, 2015) (holding the young adult defendant's challenge to the mandatory minimum aspect of his sentence was not controlled by *Lyle*); *State v. Walztoni*, No. 14-0843, 2015 WL 1331646, at *1 n.1 (Iowa Ct. App. Mar. 25, 2015) (same); *State v. Clayton*, No. 14-0451, 2014 WL 7343751, at *4 (Iowa Ct. App. Dec. 24, 2014) (same); *State v. Ryun*, No. 14-0559, 2014 WL 6977253, at *1 n.2 (Iowa Ct. App. Dec. 10, 2014) (same); *State v. Cox*, No. 13-0991, 2014 WL 4230196, at *2 (Iowa Ct. App. Aug. 27, 2014) (same); *Quigley v. State*, No. 12–1121, 2014 WL 4243262, at *1 (Iowa Ct. App. Aug. 27, 2014) (holding the defendant should be resentenced consistent with *Lyle*, in order for the district court to "differentiate between offenses [the defendant] committed as a juvenile and those he committed as an adult"). In this case, the district court appropriately sentenced Davis per the mandatory statutory minimum for his offense.

Accordingly, we affirm the judgment and sentence entered following Davis's guilty plea.

**AFFIRMED.**